**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Brittany S. Alowonle,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Equifax Information Services LLC,<br>Experian Information Solutions, Inc.,<br>Trans Union LLC,<br>Comenity Bank,<br>Comenity Capital Bank,<br>Nelnet Bank, and<br>Phoenix Financial Services LLC,<br><br>　　　　　　Defendants. | Case No. 22-cv-1674 (PJS/DJF)<br><br>**PRETRIAL<br>SCHEDULING<br>ORDER** |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy and inexpensive determination of this action, the following schedule and limits shall govern these proceedings. This Order may be modified only upon a showing of good cause as required by Rule 16(b)(4) of the Federal Rules of Civil Procedure and Local Rule 16.3 or sua sponte by the Court.

**DISCOVERY DEADLINES**

Discovery must be completed according to the following deadlines:

1. Deadline for initial disclosures required by Fed. R. Civ. P. 26(a)(1): **December 15, 2022**.

2. Deadline for the exchange of documents identified in each party's Fed. R. Civ. P. 26(a)(1) initial disclosures: **December 15, 2022**.

3. Deadline for service of deposition notices or subpoenas under Fed. R. Civ. P. 30(b)(6): **August 1, 2023**. Any notice of 30(b)(6) deposition must be served at least **21** days before the scheduled deposition date.

4. Deadline for completion of all fact discovery: **September 1, 2023**. Parties must serve their discovery requests far enough in advance of this deadline to allow time to respond, as provided by the Federal Rules of Civil Procedure, on or before this date.

5. Deadline to disclose the identity of initial experts: **October 2, 2023** (including any expert on which a party has the burden of persuasion and any other expert on which a party seeks to rely in its primary case, irrespective of burden).

6. Deadline for service of initial expert reports: **October 2, 2023**.

7. Deadline to disclose the identity of rebuttal experts: **November 1, 2023**.

8. Deadline for service of rebuttal expert reports: **November 1, 2023**. Rebuttal expert reports shall be limited in scope to the topics addressed in initial expert reports.

9. Deadline for completion of all expert discovery, including depositions: **December 1, 2023**.

## DISCOVERY LIMITS

1. Fact discovery shall be limited per party as to each other party to:

   a. **25** interrogatories;

   b. **40** document requests;

   c. **30** requests for admissions;

   d. **10** fact depositions (including Fed. R. Civ. P. 30(b)(6) depositions[1]);

   e. The parties have not reached an agreement regarding the extent to which mental or physical examinations under Fed. R. Civ. P. 35 may be required. The parties will attempt to reach an agreement and must present any request for limitations on such examinations to the Court on or before **March 1, 2023**.

2. Expert discovery shall be limited to:

   a. **2** experts (Plaintiff) in the fields of liability and damages.

   b. **2** experts (each Defendant) in the fields of liability and damages.

   c. Each side may take one deposition per expert.

---

[1] An organizational-designee deposition shall count as one deposition, irrespective of the number of witnesses designated.

**ELECTRONICALLY STORED INFORMATION (ESI)**

The parties have agreed to produce any electronically stored information in hard copy or pdf as an initial matter. Once the parties have had the opportunity to review such documents, the parties agree, if necessary, to confer between themselves regarding any additional exchange or production that either party believes necessary. The parties will further meet and confer by **December 1, 2022,** to discuss their plan or formal protocol for ESI discovery. They agree to present any disputes regarding an ESI discovery plan and protocol to the Court by **December 15, 2022.**

**PRIVILEGE LOGS**

Unless otherwise ordered, the parties are not obligated to identify on their privilege logs any documents, communications or other materials that came into existence on or after the date that Plaintiff's first complaint was filed in this action.

**ATTORNEY'S FEES**

The parties have discussed attorney's fees and do not believe a protocol regarding the documentation of attorney time entries is necessary.

**OTHER DISCOVERY ISSUES**

<u>Protective Order:</u>  The parties must jointly submit to the Court either a proposed protective order or a report identifying areas of disagreement on or before **December 15, 2022**.

<u>Claims of Privilege or Protection:</u> The parties request that the Court enter an order implementing Federal Rule of Evidence 502(d). Pursuant to Rule 502(d), any otherwise applicable attorney-client privilege or work-product protection is not waived by disclosure in connection with this litigation, in this or any other federal or state proceeding.

**NON-DISPOSITIVE MOTION FILING DEADLINES**

Non-dispositive motions, memoranda and supporting documents must be filed and served according to the following deadlines:

1. Motions to join or add parties **March 1, 2023**.
2. Motions to amend the pleadings **March 1, 2023**.
3. All other non-dispositive motions **September 1, 2023**.

**NON-DISPOSITIVE MOTION GUIDELINES**

Meet and Confer Requirement

Except as otherwise specified in Local Rule 7.1(a), the parties must comply with the meet and confer requirement before filing any motion or engaging in Informal Dispute Resolution (IDR). Parties must make a good faith attempt to confer through personal contact, rather than solely through written correspondence, email or voice messages. "Personal contact" includes in-person meetings, videoconferences and contemporaneous telephone calls. Whether parties raise non-dispositive disputes informally or through traditional motions, the parties must engage in a focused meet and confer process in a sincere effort to resolve or narrow their disagreements before seeking the Court's involvement.

Discovery Disputes

Before moving for an order relating to discovery, the movant must request an informal conference call with the Court. The purpose of this call is to explore narrowing the discovery dispute, confirm that IDR is considered (see below), and to discuss the most efficient way to resolve disputed issues. Accordingly, before filing a motion relating to a discovery dispute, the movant must request an informal telephone conference with the Court by submitting a short email to chambers at Foster_Chambers@mnd.uscourts.gov, describing the disputed issue and copying opposing counsel.

Informal Dispute Resolution

Whenever possible, the parties should bring discovery disputes to the Court using the Court's IDR process. IDR is only available when all parties with a stake in the disputed issue agree to use it.  If the parties agree to use IDR, they must jointly contact Chambers by telephone or email at 651-848-1900 or Foster_Chambers@mnd.uscourts.gov to schedule a Zoom videoconference. Each party will then submit a short letter setting forth the issue(s) to be resolved, stating that party's position with respect to each issue, and confirming that the party has agreed to resolve the dispute through IDR. Charts and bullet-point summaries of the issue(s) are encouraged.  Unless otherwise specified by the Court, letter submissions shall be no more than three (3) pages long and must be emailed to Chambers and all parties at least two (2) business days before the Zoom videoconference is scheduled to take place.

Given the absence of formal briefing, the lack of any transcript or recording of the telephone hearing, and the fact that the Court's minute entry will not discuss the reasoning underlying the Court's decision, the decision on an issue submitted through the IDR process is final and cannot be appealed to the District Judge or preserved for the Court of Appeals, nor can a party revive the issue by filing a formal motion. By agreeing to submit a dispute to IDR, the parties agree to live with the decision rendered on that dispute at the conclusion of the IDR process.

Formal Non-Dispositive Motions

Formal non-dispositive motions must comply with the Electronic Case Filing Procedures for the District of Minnesota, Local Rules 7.1 and 37.1, the Federal Rules of Civil Procedure and all other applicable rules. The moving party must contact Chambers to schedule a hearing before filing the motion. Pursuant to Local Rule 7.1(b), **a hearing date must be obtained before any non-dispositive motion is filed, even if the motion is unopposed, and even if the parties agree**

**that no hearing is necessary**. If the parties agree that a hearing is not necessary, the moving party should include a statement to that effect in the Notice of Hearing. The Court will determine whether to cancel the hearing after briefing is complete. Parties are advised not to notice additional motions for hearing on an already existing hearing date without first contacting the Court and obtaining permission to do so.

**Do not send paper courtesy copies of filings to Chambers.** If the motions contain or refer to documents that are not filed on ECF, those documents should be emailed to Chambers at Foster_Chambers@mnd.uscourts.gov. Parties should email courtesy copies of proposed orders in Word format to Chambers.

**If the dispute is related to written discovery or the contents of depositions**, the parties must jointly fill out a chart (see template below) that describes each disputed discovery request and response and each party's position and last offer of compromise. This chart must be in Word format and emailed to Chambers at Foster_Chambers@mnd.uscourts.gov at least three business days before the hearing. Failure to provide this chart to the Court may result in the cancellation of the hearing.

## Case Name and Number

To assist the Court in more efficiently resolving the parties' discovery dispute, the parties shall meet and confer, and jointly complete the following chart. The purpose of this chart is not to repeat, or cut and paste, the arguments present in the parties' memoranda, but to identify succinctly each party's position and the compromise last offered at the meet and confer. Please attach additional sheets as necessary. At least three business days before the hearing, the fully completed chart shall be e-mailed to chambers at Foster_Chambers@mnd.uscourts.gov.

| Discovery Request at issue (Verbatim) | Movant's Position | Respondent's Position | Movant's Last Offered Compromise | Respondent's Last Offered Compromise | Notes |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

Counsel for Moving Party: _____

Counsel for Responding Party: _____

Date: _____

**FILING DOCUMENTS UNDER SEAL**

Counsel must be familiar with Local Rule 5.6 on filing documents under seal in civil cases and must comply with the Rule when seeking to file documents under seal. The designation of material as confidential or protected by any party pursuant to a protective order during the course of discovery is not a sufficient justification for continued sealing.

Unless the parties agree or the Court orders otherwise, the joint motion regarding continued sealing required under Local Rule 5.6(d)(2) should be filed by the party who filed the first document under temporary seal in connection with the underlying motion. The joint motion must be filed using the Joint Motion Regarding Continued Sealing Form, which is available on the

Court's website at: https://www.mnd.uscourts.gov/forms/joint-motion-regarding-continued-sealing.

**DISPOSITIVE MOTION GUIDELINES AND DEADLINES**

All dispositive motions (notice of motion, motion, memorandum of law, affidavits and proposed order) shall be served, filed **and heard** on or before **December 1, 2023**.  Counsel for the moving party shall call Judge Schiltz's Courtroom Deputy at 612-664-5483 to schedule the hearing. **Parties are reminded that the scheduling of a dispositive motion requires considerable advance notice (typically three to four months).**  Parties should attempt to schedule all dispositive motions for the same hearing and should strive to avoid duplication in their briefing.

All dispositive motions shall be scheduled, filed and served in compliance with the Electronic Case Filing Procedures for the District of Minnesota and in compliance with Local Rule 7.1. When a motion, response or reply brief is filed on ECF, two paper courtesy copies (three-hole punched and unstapled, and if warranted, exhibits appropriately tabbed) of the pleading and all supporting documents shall be mailed or delivered to the Courtroom Deputy at the same time as the documents are posted on ECF.

When scheduling a summary judgment hearing, the parties must notify the Court whether there will be cross-motions for summary judgment so that the Court may enter an appropriate briefing order. The parties should confer about the possibility of cross-motions before contacting chambers to schedule a summary judgment hearing.

**SETTLEMENT CONFERENCE**

A settlement conference will take place in June-September 2023. ==Counsel shall consult with the parties regarding their schedules and then contact the Court's Chambers at 651-848-1900 to set a date and time.== A separate Order for Settlement Conference will be issued.

The Court may *sua sponte* schedule status conferences or settlement conferences to explore options for alternative dispute resolution. In addition, the Court will in its discretion consider joint or *ex parte* requests that the Court schedule a settlement conference or otherwise assist in settlement negotiations, provided that the content of any *ex parte* request shall be strictly limited to the topic of settlement and shall not comment on any matter that may come before the Court for a ruling. Such requests shall be submitted to Chambers at Foster_Chambers@mnd.uscourts.gov. The Court will treat *ex parte* requests as confidential unless otherwise advised.

**TRIAL**

This case shall be ready for a **jury** trial on **April 1, 2024.** The anticipated length of trial is **4** days.

Date: October 26, 2022                                  *s/ Dulce J. Foster*
                                                        DULCE J. FOSTER
                                                        United States Magistrate Judge